FILED
CLERK

9/26/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT

    -of-

Brandt Marine, Inc., as Owner of a 1987 26' Push Boat "Glenn K. Brockwell" and a 40' Deck Barge Outfitted with a Crane for Exoneration from or limitation of Liability.,

        *Petitioner*.
-----------------------------------------------------------X

**ORDER**

24-CV-04765 (JMA) (JMW)

**A P P E A R A N C E S:**

    Brian Gibbons
    **Wade Clark Mulcahy LLP**
    180 Maiden Lane, Suite 904
    New York, NY 10038
    *Attorneys for Proposed Claimants Kevin Sweeney and Lori J. Engeman*

    Rory L. Lubin
    **Wilson Elser Moskowitz Edelman & Dicker LLP**
    1133 Westchester Avenue
    White Plains, NY 10604
    *Attorneys for Proposed Claimant, National Framers HL Corp.*

    Michael Asta
    **Asta & Bickoff**
    450 7th Ave., Suite 2205
    New York, NY 10123
    *Attorneys for Claimants Ricardo Linares and Nilsia Linares*

    *No other appearances were made on these Motions.*

**WICKS,** Magistrate Judge:

Petitioner, Brandt Marine, Inc, owner of certain vessels commenced this action pursuant to 46 U.S.C. §§ 30501 *et seq.*, for limitation of liability in connection with a state court action that alleges personal injury causes of action. (*See generally*, ECF No. 1.) The Hon. Judge Joan M. Azrack issued an Order on August 1, 2024, which in relevant part stated:

1

> all persons, firms, entities or corporations, having any claim or suit against the Petitioner or its vessel, with respect to which the Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court, in writing, and to deliver or mail to the attorneys for the Petitioner, … a copy thereof, ON OR BEFORE THE 1st DAY OF October, 2024, or be defaulted ….

(ECF No. 7.)

Almost a year later, National Framers HL Corp. ("National") and Kevin Sweeney ("Sweeney") and Lori Engeman ("Engeman" and collectively the "Movants") seek an order allowing claims and answers to be filed in this action. (*See* ECF Nos. 47, 54.) Claimants Ricardo Linares and Nilsia Linares ("Claimants") oppose both motions. (ECF Nos. 52, 55.) No other oppositions or submissions were filed. For the reasons that follow, the Motions to File Claims and Answers (ECF Nos. 47, 54) are **DENIED**.

## THE LEGAL FRAMEWORK & DISCUSSION

An owner of a vessel is entitled to bring a federal civil action to limit liability for negligence that may have occurred in connection with that vessel pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and 46 U.S.C. § 30511. *See New York State Marine Highway Transportation, LLC v. New York State Dep't of Transportation*, 459 F. Supp. 3d 470, 474 (N.D.N.Y. 2020) (quoting *In re Germain*, 824 F.3d 258, 264 (2d Cir. 2016)). "An action for limitation of damages, if properly brought, serves to cap the amount of damages for which a ship owner is liable at the value of the ship herself." *Id.*

Relevant here, Rule F(4) of the Supplemental Rules states "[f]or cause shown, the court may enlarge the time within which claims may be filed." It is within the Court's discretion whether or not to enlarge the time. *See In re McAllister Towing & Transp. Co., Inc.*, No. 12-CV-2505 (HBP), 2014 WL 5090024, at *3 (S.D.N.Y. Oct. 10, 2014). Importantly, "[t]he requirement

2

in Rule F(4) that "cause" be shown for an extension does not require showing of 'good cause.'" *Id.*; *see also In re Complaint of M.V. President Kennedy, Ltd.*, No. 98-CV-8126 (CSH), 2000 WL 351425, at *2 (S.D.N.Y. Apr. 5, 2000) ("The rule simply commits the question of enlargement of time to the discretion of the court; the court can grant an extension whenever an examination of all the relevant facts shows that it will serve the ends of justice.") The Court is primarily concerned with any prejudicial effect to a party if the motion is granted. *See id.* "[S]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims ...." *New York State Marine Highway Transportation, LLC*, 459 F. Supp. 3d at 474 (quoting *In re Tappan Zee Constructors, LLC*, 2018 WL 1183711, at *2 (N.D.N.Y. Mar. 6, 2018) (citing *Sagastume v. Lampsis Nav. Ltd., Drosia*, 579 F.2d 222, 224 (2d Cir. 1978))).

Here, the Movants request leave to file claims and answers nearly a year after the Court's deadline of October 1, 2024. (ECF Nos. 49 at 4; 54-4 at 4.) Sweeney and Engeman have been aware of this action. Indeed, Claimants provide an email showing that Sweeney and Engeman had notice of this action since December 11, 2024. (ECF No. 55-1.) In addition, these parties recently appeared in this Court in connection with a Motion to Quash back in June and never moved to file a claim or answer. (*See* ECF Nos. 40, 45.) Likewise, National admits that it has known of this action since February 18, 2025, when the state action was stayed. (ECF No. 49 at 4.) Yet, National provides the Court with little or no reason for its neglect in moving earlier. Sweeney and Engeman also fail to illustrate their reasoning.  In sum, no "cause" was demonstrated to justify grant of the motion to file claims and answers.

Discovery is on-going and the Court entered an expedited discovery schedule (*see* ECF Nos. 31-32) which has already been extended twice. (ECF No. 45; Electronic Order dated

3

8/25/2025.) *See Matter of Park*, No. 22-CV-5792 (NRM) (MMH), 2024 WL 628688, at *2 (E.D.N.Y. Jan. 9, 2024) (granting late claims because the case was in early stages and no discovery had been conducted). Allowing the Movants to proceed would undoubtedly delay the case from proceeding efficiently. (ECF Nos. 52 at 2; 55 at 2.) *See In re McAllister Towing & Transp. Co., Inc.*, 2014 WL 5090024, at *5 ("Given the delay and expense that would result from granting the motion and the insubstantial reasons for the Proposed Claimants' delay, I conclude that the interests of justice favor denying the Proposed Claimants' motion."); *see also Matter of Kelley*, No. 07-CV-055 (TJM), 2008 WL 11355391, at *2 (N.D.N.Y. May 2, 2008) ("The fact that Petitioner's counsel knew early on of Respondent's intention to pursue a claim persuades the Court that allowing the late claim is the equitable result.")

Therefore, the Movants have failed to demonstrate why a delayed request should be granted. Accordingly, no claims or answers may be filed.

## **CONCLUSION**

For the reasons stated above, the Motions to File Claims and Answers (ECF Nos. 47, 54) is **DENIED**.

Dated:  Central Islip, New York  
September 26, 2025

S O   O R D E R E D:

/s/ *James M. Wicks*  
JAMES M. WICKS  
United States Magistrate Judge

4